UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DREAM INVESTMENT AND HOUSING, LLC,
*c/o Fernando Adams*,

           Plaintiff,

   v.

TOORAK CAPITAL PARTNERS,

           Defendant.

Case No. 24-cv-210-pp

---

**ORDER DENYING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND REQUIRING PLAINTIFF TO APPEAR THROUGH LICENSED COUNSEL**

---

      On February 15, 2024, the plaintiff—without the assistance of counsel—filed a complaint, dkt. no. 1, and a motion for leave to proceed without prepaying the filing fee, dkt. no. 2. The complaint identifies the plaintiff as "Dream Investment and Housing LLC c/o Fernando Adams." Dkt. No. 1 at 1. (The Wisconsin Department of Financial Institution's website lists the registered agent for "Dream Investment and Housing LLC" as "Fernando Adams." https://wdfi.org.) Because the complaint identifies the plaintiff as a limited liability corporation, the court will deny the plaintiff's motion to proceed without prepaying the filing fee, dkt. no. 2, and will require that before the case proceeds any further, an attorney licensed to practice in this court must file a notice of appearance on behalf of the corporate plaintiff.

1

**I. Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). Only natural persons—not artificial entities like corporations or associations—may proceed without prepaying filing fees on grounds of indigency. See Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-06 (1993); see also Fehribach v. Ernst & Young LLP, 493 F.3d 905, 913 (7th Cir. 2007) ("Corporations, moreover, are not allowed to proceed *in forma pauperis*, and to allow them to escape paying costs, on grounds of indigency, would blur the distinction between individuals and corporations." (citation omitted)). "A limited liability company is not a corporation, but it is like one in being distinct from a natural person." United States v. Hagerman, 545 F.3d 579, 581 (7th Cir. 2008)

As an LLC, the plaintiff may not proceed without prepaying the filing fee. The plaintiff's motion for leave to proceed without prepaying the filing fee describes *Fernando Adams's* financial circumstances. Dkt. No. 2 at 4. But Dream Investment and Housing LLC is identified in the complaint as the plaintiff, not Fernando Adams. Id. at 4. The owner or registered agent of an LLC experiencing financial hardships may be frustrated that his LLC cannot proceed without prepaying filing fees, but a party who "has chosen to do business in entity form . . . must take the burdens with the benefits." Hagerman, 545 F.3d at 582. The court denies the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

## II.  Requirement for Representation by Licensed Counsel

"[A] limited liability company, like a corporation, cannot litigate *pro se* or be represented in [] litigation by a nonlawyer[.]" 1756 W. Lake St. LLC v. Am. Chartered Bank, 787 F.3d 383, 385 (7th Cir. 2015); see also Rowland, 506 U.S. at 201-02 ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). The Seventh Circuit Court of Appeals recently reaffirmed this longstanding rule: "The federal rule is clear: *only a member of the court's bar* (or a lawyer admitted pro hac vice) can represent another person or entity in litigation." AsymaDesign, LLC v. CBL & Assocs. Mgmt., Inc., 103 F.4th 1257, 1259 (7th Cir. 2024) (emphasis added). "This rule applies even if the corporation is owned by only a few closely related individuals or by a single person who seeks to appear on behalf of the corporation." United States v. Certain Real Prop., 381 F. Supp. 3d 1007, 1008 (E.D. Wis. 2018). The Seventh Circuit has explained that "the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity." Hagerman, 545 F.3d at 581-82; see also In re IFC Credit Corp., 663 F.3d 315, 318 (7th Cir. 2011) ("Inability to litigate pro se can be thought of as part of the price for corporations' privileges.").

Because it is an LLC, the plaintiff must appear through licensed counsel. The Seventh Circuit has held that "corporations must appear by counsel or not

3

at all." Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 1427 (7th Cir. 1985). The plaintiff cannot represent itself in this litigation, and Fernando Adams cannot represent the plaintiff unless he is a licensed attorney. See AsymaDesign, LLC, 103 F.4th at 1259. (A search of the State Bar of Wisconsin's list of attorneys licensed to practice law in Wisconsin reveals that there is no one named "Fernando Adams" licensed to practice law in Wisconsin. https://www.wisbar.org/Pages/BasicLawyerSearch.aspx?firstName=fernando&lastnName=adams.)

The court will give the plaintiff an opportunity to obtain licensed counsel and to have that counsel file a notice of appearance. If no attorney files a notice of appearance by the deadline the court sets below, the court will dismiss the case without prejudice.[1] The court will take no further action until licensed counsel appears on behalf of the plaintiff.

### III. Conclusion

The court **DENIES** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the plaintiff must pay the full $405 filing fee by the end of the day on **August 2, 2024**.

---

[1] The defendant has filed a motion to dismiss on several grounds, one of which is that the plaintiff is not represented by counsel. Dkt. No. 7. The court will take no action on that motion until a licensed attorney has appeared on behalf of the plaintiff.

The court **ORDERS** that if the plaintiff wishes to proceed with this federal case, a licensed attorney must appear on behalf of the plaintiff by the end of the day on **August 2, 2024**.

If the court does not *both* receive the full filing fee *and* receive a notice of appearance by a licensed attorney on behalf of the plaintiff by the end of the day on **August 2, 2024**, the court will dismiss the case on the following business day without further notice or hearing.

Dated in Milwaukee, Wisconsin this 10th day of July, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**